**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**CLARENCE HICKS,**

                            **Plaintiff,**

    **vs.**                                          **9:13-cv-01157
                                                          (MAD/TWD)**

**SCOTT DEGON, et al.,**

                            **Defendants.**
_____

**APPEARANCES:**                                **OF COUNSEL:**

**CLARENCE HICKS
33284-037**
Allenwood Low
Inmate Mail/Parcels
P.O. Box 1000
White Dear, Pennsylvania 17887
Plaintiff *pro se*

**OFFICE OF THE UNITED**           **CHARLES E. ROBERTS, AUSA**
**STATES ATTORNEY**
P.O. Box 7198
100 South Clinton Street
Syracuse, New York 12224
Attorney for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    This *pro se* civil rights action was commenced under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) by Plaintiff Clarence Hicks ("Plaintiff") against Lt. Scott Degon, Warden D. Hudon, and "Captain Adams" ("Defendants") on September 17, 2013. *See generally* Dkt. No. 1. Defendants filed a motion to dismiss on April 3, 2015, which was referred to United States Magistrate Judge Thérèse Wiley Dancks for a Report and Recommendation. *See* Dkt. No. 35.

Magistrate Judge Dancks issued her Order and Report-Recommendation on November 30, 2015 recommending that Defendants' motion to dismiss Plaintiff's Amended Complaint be granted. Specifically, Magistrate Judge Dancks found that Defendants had properly raised the affirmative defense that Plaintiff failed to exhaust his administrative remedies within the meaning of the Prison Litigation Reform Act ("PLRA"), and that the Amended Complaint should be dismissed without prejudice. *See* Dkt. No. 43. Plaintiff then filed a timely objection to the Order and Report-Recommendation on December 11, 2015, raising several specific objections which will be taken up in turn. *See generally* Dkt. No. 44.

Having reviewed Magistrate Judge Dancks' well-reasoned and thorough Order and Report-Recommendation, the record before the Court, and the relevant case law, this Court hereby affirms and adopts the Order and Report-Recommendation in its entirety.

## II. BACKGROUND

Plaintiff filed his initial Complaint with this Court on September 17, 2013 alleging various violations of his constitutional rights arising out of his confinement at Ray Brook Federal Correctional Institution ("FCI Ray Brook"). *See* Dkt. No. 1. On December 11, 2013, various addenda and amendments submitted by Plaintiff were consolidated and filed as his First Amended Complaint. *See* Dkt. No. 10.

In a Decision and Order dated February 6, 2014, this Court dismissed with prejudice Plaintiff's claims that Defendant Degon was verbally abusive and placed false disciplinary charges against him for failure to state a claim in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. *See* Dkt. No. 11.

In light of his *pro se* status, on March 24, 2014, the Court afforded Plaintiff the opportunity to file a Second Amended Complaint. Plaintiff's Second Amended Complaint was

filed on April 17, 2014, and is the operative complaint in this action. *See* Dkt. No. 18. On November 26, 2014, this Court ruled that, with the exception of Plaintiff's due process claims against Defendants arising from his Special Housing Unit ("SHU") confinement while on "investigative status", his Second Amended Complaint failed to state a claim upon which relief could be granted, and ordered that all remaining claims be dismissed. As such, the only remaining claim alleges a due process violation against Defendants Adams and Hudson in connection with Plaintiff's SHU confinement. Specifically, Plaintiff claims that he was not given proper notice of the basis for his confinement as required under 28 C.F.R. § 541.25 and the Fifth Amendment to the United States Constitution, and that he was not given periodic reviews of his administrative detention status as required under 28 C.F.R. § 541.26. *See* Dkt. No. 23.

Defendants filed their motion to dismiss on April 3, 2015. *See* Dkt. No. 35. In their memorandum in support of the motion, Defendants argue that the action must be dismissed because (1) Plaintiff failed to exhaust his administrative remedies as required under the PLRA; (2) Plaintiff failed to allege the personal involvement of either remaining Defendant; (3) a *Bivens* action cannot be maintained against a federal employee in his official capacity because it is barred by the doctrine of sovereign immunity; and (4) the remaining Defendants are protected by qualified immunity. *See* Dkt. No. 35-1 at 1-2.

Currently before the Court are Plaintiff's objections to Magistrate Judge Dancks' November 30, 2015 Order and Report-Recommendation.

## III. DISCUSSION

**A.     Standard of review**

3

When a party files specific objections to a magistrate judge's report-recommendation, "[a] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C) (emphasis added); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). However, when a party lodges general or conclusory objections to such a recommendation, or those which merely reiterate the same arguments originally presented to the magistrate judge, this Court will review those recommendations for clear error only. *See McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007) (citation omitted); *see also Johnson v. Cnty. of Wash.*, No. 1:10-CV-1497(GLS/DRH), 2011 WL 2160895, *1 (N.D.N.Y. May 27, 2011). Further, a party's general objection to the report and recommendation in its entirety will not constitute a specific objection triggering *de novo* review. *See Chandler v. Napoli*, No. 08-CV-3284 (KAM)(VVP), 2011 WL 4382235, *1 (E.D.N.Y. Sept. 20, 2011). After the appropriate review, "[a] judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the . . . magistrate judge." 28 U.S.C. § 636(b)(1)(C) (brackets omitted).

More specifically, objections raised by litigants appearing *pro se* are afforded a more liberal construction, interpreted "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)) (emphasis omitted). However, although the interpretation of the arguments themselves may be more liberally construed, they must still be "aimed at *particular findings* in the magistrate's proposal. . . ." *Chandler*, 2011 WL 4382235, at *2 (quoting *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023 (LTS)(JCF), 2008 WL 2811816, *1 (S.D.N.Y. July 21, 2008)) (emphasis added).

4

At the outset, Plaintiff objects to Magistrate Judge Dancks' recommendation in the aggregate, asserting that "the . . . [r]ecommendation . . . is clearly erroneous and contrary to the law[.]" *See* Dkt. No. 44 at 1. In addition to this conclusory objection, Plaintiff has specifically objected to two particular findings: (1) Magistrate Judge Dancks' determination that only documents relating to Plaintiff's administrative remedies regarding his confinement in the SHU will be considered in making a ruling on Defendants' motion to dismiss; and (2) the finding that Plaintiff failed to exhaust his administrative remedies under the PLRA. *See* Dkt. No. 44 at 2; Dkt. No. 43 at 7, 11. Accordingly, this Court will address these two issues *de novo*.

**B.     Consideration of Administrative Remedy documents**

Plaintiff specifically objects to Magistrate Judge Dancks' decision to "only consider documents related to Plaintiff's administrative remedies regarding his SHU confinement for the purposes of addressing Defendants' motion to dismiss." Dkt. No. 43 at 7. In particular, he states that "[w]here the magistrate found it will only consider documents related to the Administrative Remedies, by law, the correct legal method requires Magistrate Dancks to review all of Plaintiff's evidence thus granting him a fair chance to be heard." Dkt. No. 44 at 2.

Although Plaintiff is correct insofar as the law requires the Court to afford him greater leniency in light of his *pro se* status, he is mistaken in his assertion that Magistrate Judge Dancks failed to do so. After careful review, it is clear that Magistrate Judge Dancks considered all relevant material that was properly before the Court on a motion to dismiss. *See* Dkt. No. 43 at 6.

In ruling on a motion to dismiss for failure to state a claim in accordance with Rule 12(b)(6), though the Court is limited to the facts stated in the complaint, the contents of "the complaint" are significantly augmented when we apply the relevant case law. As correctly

5

articulated by Magistrate Judge Dancks, "the complaint includes any written instrument attached to it as an exhibit and any statements or documents incorporated into it by reference." *Paulemon v. Tobin*, 30 F.3d 307, 308-09 (2d Cir. 1994) (citation omitted); *see also* Dkt. No. 43 at 5. Here, Magistrate Judge Dancks properly considered Plaintiff's Exhibits A-D in determining whether Plaintiff failed to exhaust his administrative remedies.[1] *See generally* Dkt. No. 43 at 9-14. Defendants attached well over forty pages of documents. Of those, Magistrate Judge Dancks only considered those relating to the exhaustion issue.

In deciding the exhaustion defense raised in Defendants' motion to dismiss, Magistrate Judge Dancks considered Plaintiff's Administrative History Report (Dkt. No. 35-3 at 22-24), Central Office Appeal Rejection (Dkt. No. 35-4 at 14), Request for Administrative Remedy (Form BP-9) (Dkt. No. 35-4 at 17-18), and the Warden's Response to Administrative Remedy #752333 (Dkt. No. 35-4 at 19). *See generally* Dkt. No. 43 at 10-11 (considering the exhaustion issue). As Plaintiff was the one producing these grievances and thus generating their responses, he certainly had either knowledge or possession of these documents as well. Further, many of the same documents were either corroborated by, or attached to, Plaintiff's Second Amended Complaint. *See generally* Dkt. No. 18-1 at 21-38. As such, Magistrate Judge Dancks did not err in considering documents relating to Plaintiff's administrative remedies in considering Defendants' motion to dismiss. *See Smart v. Goord*, 441 F. Supp. 2d 631, 637 (S.D.N.Y. 2006) (holding that the court may consider materials outside the complaint because the issue of exhaustion is integral to the prisoner's claims) (citations omitted).

**C.      Plaintiff's failure to exhaust administrative remedies under the PLRA**

---

[1] Plaintiff's exhibits are referenced in the report as Dkt. No. 18-1.

Next, Plaintiff specifically objects to Magistrate Judge Dancks' finding that he failed to exhaust his administrative remedies regarding his due process claims against Defendants Adams and Hudson arising from his confinement on "investigative status" as is required under the PLRA. *See* Dkt. No. 43 at 7, 9, 11. First, Plaintiff argues that "[Magistrate] Judge Dancks erred in finding that [Plaintiff] did not exhaust the Administrative Remedy process [because she] based [her conclusion] on legal assistant Cheryl Magnusson's Declaration. . . ." *See* Dkt. No. 44 at 2. Second, Plaintiff objects to the finding that he was responsible under the BOP Administrative Remedy Program "for providing staff verification proving his appeal was timely mailed. . . ." *Id.* He claims that he could not possibly have proven that it was timely mailed "because it was rejected as untimely by the Regional Office." *Id.* Read broadly, Plaintiff's apparent contention is that his failure to exhaust his administrative remedies with respect to Administrative Remedy No. 742614[2] was justified, or excusable under the "special circumstances" doctrine, albeit for different reasons than those addressed by Magistrate Judge Dancks. *See* Dkt. No. 43 at 12-14; *see also* Dkt. No. 44 at 2.

The PLRA states in pertinent part that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or any other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and

---

[2] In his objection, Plaintiff mentions the requirement of "staff verification." *See* Dkt. No. 44 at 2. As no staff verification was required of Administrative Remedy 752333 (*see* Dkt. No. 43 at 10-11; Dkt. No. 35-3; Dkt. No. 18-1 at 37), this Court assumes that Plaintiff takes issue with the determination that he has failed to exhaust with respect to Administrative Remedy 742614 only.

7

whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The PLRA applies equally to *Bivens* claims. *Id.* at 524.

In brief, the PLRA requires *proper* exhaustion, such that inmates are required to complete the administrative review process in accordance with the procedural rules applicable to the particular institution to which they are confined. *See Jones v. Bock*, 549 U.S. 199, 218 (2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). In other words, the requirement of proper exhaustion is not satisfied when grievances are dismissed simply because prisoners miss deadlines set by the grievance policy. *See id.* at 217-18. Additionally, after *Woodford*, a plaintiff cannot claim that he has "properly exhausted" simply by virtue of the fact that prison officials had either actual or constructive notice of his concerns. *See Macias v. Zenk*, 495 F.3d 37, 44 (2d Cir. 2007). In sum, strict compliance with internal procedure is necessary to meet the PLRA's exhaustion requirement unless the administrative remedies were "unavailable" or excused under *Hemphill v. New York*, 380 F.3d 680 (2d Cir. 2004).

The administrative remedy process applicable to the BOP is found in 28 C.F.R. § 542, Subpart B. First, an inmate must informally present an issue of concern to staff, who shall attempt to resolve the issue before that inmate submits a request for Administrative Remedy. 28 C.F.R. § 542.13(a). Second, if the inmate is dissatisfied with the informal resolution of his issue, the inmate must submit a formal written Administrative Remedy Request on a BP-9 form to the Warden within twenty days of the date of the occurrence of the event that is the basis for the remedy request. 28 C.F.R. § 542.14(a). Third, an inmate who is dissatisfied with the Warden's response may submit an appeal on a BP-10 form to the Regional Director within twenty days of the Warden's signed response. 28 C.F.R. § 542.15(a). Fourth, an inmate who is dissatisfied with the Regional Director's response may submit a final appeal on a BP-11 form to the General

8

Counsel's Office at the Central Office of Appeals within thirty days of the Regional Director's signed response. *Id.* Again, only upon completion of all the required steps of this prescribed process does a federal inmate fully exhaust available administrative remedies. *See Macias*, 495 F. 3d at 44; *see also Johnson v. Rowly*, 369 F.3d 40, 45 (2d Cir. 2009).

After careful review of the record, this Court finds that Magistrate Judge Dancks properly determined that Plaintiff failed to exhaust the administrative remedies as outlined in the BOP Administrative Remedy Program. Plaintiff's initial Regional Appeal was rejected because it was illegible. *See* Dkt. No. 35-3 at 22; *see also* Dkt. No. 43 at 10. Plaintiff corrected this and re-submitted his appeal on September 4, 2013, six days late. *See* Dkt. No. 35-3 at 23; *see also* Dkt. No. 43 at 10. In his objection, Plaintiff quotes BOP Policy 1330.18 which provides that "coordinators . . . should be flexible . . ." in deciding whether to reject a submission. This general guideline does not preclude the Regional Director from requiring a valid explanation for delay before making a decision. *See* Dkt. No. 44 at 2-3.

The Administrative Remedy Program, in Section 542.15, permits an extension of time for filing an appeal "[w]hen the inmate demonstrates a valid reason for delay. . . ." 28 C.F.R. § 542.15(a). Valid reasons for delay include:

> an extended period in transit during which the inmate was separated from documents needed to prepare the Request or Appeal; an extended period of time during which the inmate was physically incapable of preparing a Request or Appeal; an unusually long period taken for informal resolution attempts; [or] indication by an inmate, verified by staff, that a response to the inmate's request for copies of [requested dispositions] . . . was delayed.

28 C.F.R. § 542.14(b). Further, by its own terms, the regulation does not preclude an extension of time for other conceivably valid reasons for delay outside of those enumerated.[3] Since Plaintiff failed to provide the reason why his Regional Appeal was untimely submitted, this Court finds that Magistrate Judge Dancks properly determined that Plaintiff failed to exhaust his administrative remedies within the meaning of 42 U.S.C. § 1997e(a).

Where a plaintiff has failed to exhaust his administrative remedies, the Second Circuit has held that a three-part inquiry is appropriate to determine whether such remedies were, in fact, available to the prisoner, or, in the alternative, whether some other reason justifies the plaintiff's failure to comply with the procedural regulations. *Hemphill*, 380 F.3d at 686. First, the court must ask whether some or all of the normal administrative remedies were rendered unavailable. *Id.* Next, the court must ask whether the defendants either failed to preserve the defense of non-exhaustion, or whether their actions should estop them from raising that defense. *Id.* Lastly, if the administrative remedies were available, and the defendants are not estopped, the court is to "consider whether 'special circumstances' have been plausibly alleged that justify 'the prisoner's failure to comply with administrative procedural requirements.'" *Id.* (quoting *Giano v. Goord*, 380 F.3d 670, 676 (2d Cir. 2004)). Generally, the "special circumstances" doctrine is applied where a prisoner has been threatened with physical retaliation or where the prisoner reasonably misinterprets the statutory requirements of the appeals process. *See Giano*, 380 F.3d at 676.

Upon review, Magistrate Judge Dancks properly determined that the administrative process was available to Plaintiff and that the record contains no evidence that Defendants' conduct estops them from asserting the exhaustion defense. *See* Dkt. No. 43 at 12. In his

---

[3] "In general, valid reason for delay means a situation which prevented the inmate from submitting the request within the established time frame." 28 C.F.R. § 542.14(b).

objections, Plaintiff contends that he was "[not] responsible for providing staff verification proving [his] appeal was timely filed because it was rejected as untimely by the Regional Office." Liberally construed, Plaintiff is arguing that special circumstances exist because he reasonably misinterpreted the statutory requirements of the appeals process. *See* Dkt. No. 44 at 2.

In *Giano*, the Second Circuit found that the plaintiff's failure to exhaust his administrative remedies before filing suit in federal court was "justified by his reasonable belief that DOCS regulations foreclosed such recourse." *Giano*, 380 F.3d at 678. The regulation at issue there stated that "disciplinary decisions and dispositions [were] *non-grievable*. . . ." *Id.* at 674 (emphasis added). The Second Circuit found that his failure to exhaust was justified because he "reasonably interpreted DOCS regulations to mean that his only administrative recourse was to appeal his disciplinary conviction." *Id.* at 676.

Unlike the plaintiff in *Giano*, Plaintiff was provided with clear and unambiguous instructions from the Regional Office. In his objection, Plaintiff claims that he was not responsible "for providing staff verification proving his appeal was timely mailed because it was rejected as untimely by the Regional Office." *See* Dkt. No. 44 at 2. The Regional Office twice unambiguously advised Plaintiff that he needed to provide staff verification as to the *reason why* the submission was late; not, as Plaintiff apparently understood, verification that it *was filed on time. See* Dkt. No. 43 at 10; *see also* Dkt. No. 35-3 at 23, 24. Plaintiff's interpretation of the instructions were clearly unreasonable and does not justify his failure to exhaust. *See Salvatierra v. Connolly*, No. 09 Civ. 3722(SHS)(DF), 2012 WL 996944, *4 (S.D.N.Y. Feb. 29, 2012).

Even if this Court were willing to concede that Plaintiff's interpretation of the instruction given to him by the Regional Office was reasonable, the record shows no evidence that Plaintiff maintained a reasonable belief that his next recourse was to appeal to this Court. First, his August

11

12, 2013 Central Office Administrative Remedy Appeal shows that he was aware that there was at least one level of agency appeal available beyond the Regional Office. *See* Dkt. No. 18-1 at 26. Second, his actions in furtherance of pursuing an agency-level remedy show that he was aware that correcting issues addressed in the rejection notice would move his request along. Following instructions from the Central Office that his appeal was premature, and instructions from the Regional Office that his request was illegible, Plaintiff re-submitted a proper, legible Regional Appeal. *See* Dkt. No. 43 at 10; Dkt. No 35-3 at 23. It was then that Plaintiff was told to "provide staff verification as to why late." *See* Dkt. No. 35-3 at 23. Although Plaintiff may have been frustrated by the administrative process, it was not reasonable for him to believe that his next recourse was to file suit.

Accordingly, this Court finds that Magistrate Judge Dancks correctly determined that Defendants' motion should be granted because Plaintiff failed exhaust his available administrative remedies.

**D.    Remainder of the Report**

Lastly, upon review, this Court finds no clear error in the remainder of Magistrate Judge Dancks' Order and Report-Recommendation to which Plaintiff has not specifically objected.

### IV. CONCLUSION

Having reviewed Magistrate Judge Dancks' thorough and well-reasoned Order and Report-Recommendation, Plaintiff's specific objections thereto, the record before the Court, and the relevant case law, the Court hereby

**ORDERS** that Magistrate Judge Dancks' November 30, 2015, Order and Report-Recommendation (Dkt. No. 43) is **ADOPTED** in its entirety for the reasons stated herein; and the Court further

**ORDERS** that Defendants' motion to dismiss Plaintiff's Second Amended Complaint (Dkt. No. 35) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's Second Amended Complaint (Dkt. No. 18) is **DISMISSED WITHOUT PREJUDICE**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**CERTIFIES** that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal taken from this Memorandum-Decision and Order would not be taken in good faith; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties according to the Local Rules.

**IT IS SO ORDERED.**

Dated: February 10, 2016
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge